UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
Christopher Defeo,                                      :
                                                        :
                   Plaintiff,     :
                                                        :    FIRST AMENDED COMPLAINT
        -against-                                      :
                                                        :    No. 16 Civ. 5150 (SJF) (SIL)
County of Suffolk, N.Y., Suffolk County Police          :
Officer Dane Flynn, Shield No. 6092,                    :    <u>Jury Trial Demanded</u>
individually, Suffolk County Police Officer Lee,        :
individually, Guy Leibstein, and Adcomm,                :
                                                        :
                   Defendants.    :
------------------------------------------------------- x

      This is an action to recover money damages arising out of Defendants' violation of Plaintiff Christopher Defeo's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and equivalent New York State constitutional protections, and Defendants' commission of New York state torts against him.

## **JURISDICTION AND VENUE**

      1.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, in connection with the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; equivalent New York constitutional provisions; and New York tort law. The claims allege, among other things detailed below, false arrest; unreasonably excessive detention; false imprisonment; malicious prosecution; malicious abuse of process; fabrication of evidence; conspiracy; negligence, negligent hiring, training, retention and supervision; and violations of Plaintiff's rights and commission of torts against him, again as detailed herein.

      2.     Plaintiff filed a timely Notice of Claim against County Defendant and Defendant Officers as detailed below, and Defendants have not settled the same.

      3.     The Court's jurisdiction is predicated upon the Constitution of the United States,

42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, with supplemental jurisdiction established pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) as Plaintiff resides in the District and the claim arose in the District.

## JURY DEMAND

5. Mr. Defeo respectfully requests a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

6. Mr. Defeo is a citizen of Suffolk County.

7. Defendant County of Suffolk, N.Y. (hereinafter "the County") was, and still is, a corporation duly organized and existing under, and by virtue of, the laws of the State of New York, having its place of business within the Eastern District of the Federal District Court of New York, and included as its functions the operation, management and finance of the County of Suffolk Police Department.

8. Defendant Police Officer Dane Flynn and Defendant Police Officer Lee were, and upon information and belief, still are, employed by Defendant County in the Suffolk Police Department as Police Officers. At all relevant times they were acting in connection with their official duties. They are being sued in their individual and official capacities.

9. That at all times hereinafter mentioned Defendant County, Defendant Officer Flynn and Defendant Officer Lee, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the Defendant County.

10. Each and all of the acts of Defendant Officer Flynn and Defendant Officer Lee alleged herein were committed by said Defendants while acting within the scope of their

employment by Defendant City of New York.

11. Defendant Guy Leibstein resides in Defendant County. He owns and operates Defendant Adcomm, which operates within Defendant County.

# **FACTS**

**Summary**

12. As set forth in greater detail below, on or about September 15, 2015, Defendant Officer Flynn directed Defendant Officer Lee to arrest Mr. Defeo in connection with a false allegation that Mr. Defeo had committed petty larceny against Defendant Leibstein and Defendant Adcomm.

13. Defendant Officer Flynn, Defendant Leibstein's friend, knew that the petty larceny allegation was false and conspired with Defendant Leibstein to put it forward so that Mr. Defeo would be wrongfully arrested and maliciously prosecuted in reliance upon same.

14. Defendant Leibstein, the operator and employee of Defendant Adcomm, fabricated the petty-larceny allegation against Mr. Defeo in connection with Defendant Leibstein's role at Defendant Adcomm, and Defendant Leibstein made the false petty-larceny allegation against Mr. Defeo in order to further Defendant Adcomm's business.

15. Defendant Officer Lee knew or reasonably should have known that the petty-larceny allegation was false, yet failed to intervene to prevent Mr. Defeo's rights from being violated in connection with Defendant Officer Flynn's and Defendant Leibstein's misconduct.

16. As a consequence of Defendants' actions, Mr. Defeo suffered damages as detailed herein.

**Mr. Defeo's Separation From Defendant Adcomm, And Defendant Leibstein's History Of Lying About Mr. Defeo**

17. In the period leading up to Defendants' September 15, 2015, violation of Mr. Defeo's rights, Mr. Defeo had worked under Defendant Leibstein at Defendant Adcomm, which is a printing business.

18. Defendant Leibstein occasionally directed Mr. Defeo, as part of Mr. Defeo's duties, to write out checks from Defendant Adcomm's account to pay Defendant Adcomm's debtors.

19. On one such occasion, which occurred on July 10, 2015, Defendant Leibstein told Mr. Defeo that, after writing one check, Mr. Defeo should "[t]ake a $500 check for yourself you have been trying hard" (hereinafter "the $500 Check" and "the Text").

20. Mr. Defeo left Defendant Adcomm at the end of July.

21. Defendant Leibstein immediately began to act in an exaggerated fashion against Mr. Defeo, such as threatening to call the police on him in the event that he did not return an electronic device when there was no reason to think he would not.

22. Later that same July day, Defendant Leibstein emailed Mr. Defeo a non-compete agreement and ordered him to sign it (the "Proposed Non-Compete Agreement"). Mr. Defeo declined.

23. Defendant Leibstein began to tell Defendant Adcomm clients that Mr. Defeo had been fired for crimes against Adcomm. This was not true, and on July 28, 2015, Mr. Defeo's counsel sent a cease-and-desist letter.

24. After receiving the cease-and-desist letter, Defendant Leibstein enlisted his own counsel, a Mr. Manley. However, Defendant Leibstein continued to act out.

25. On July 31, 2015, Defendant Leibstein sent Mr. Defeo's counsel a copy of a forged non-compete agreement and announced that Mr. Defeo was bound by it. Also on or about

4

July 31, 2015, Mr. Manley contacted Mr. Defeo's counsel to say that Defendant Leibstein was alleging that on July 10, 2015, Mr. Defeo had stolen the $500 Check.

26. Mr. Defeo's counsel responded that the July 31, 2015, Non-Compete Agreement was forged. Nothing ever came of it. Mr. Defeo's counsel also produced the Text, Mr. Manley looked at its date and content, and the subject was settled.

**Defendant Leibstein's False Petty-Larceny Complaint Againt Mr. Defeo For The $500 Check He Authorized With The Text; His Request That Defendant Officer Flynn Make A Custodial Arrest Of Mr. Defeo; And Defendants' Overnight Incarceration Of Mr. Defeo**

27. On August 28, 2015, Defendant Leibstein swore out a complaint against Mr. Defeo in front of Defendant Officer Flynn.

28. Defendant Leibstein and Defendant Officer Flynn graduated from the same high school in the same year. On information and belief, they played on a sports league together in recent years and were friends at the time of the incident, as evidenced by Flynn's unusual handling of Mr. Defeo at Leibstein's express request, as described below.

29. Defendant Leibstein's wrote in his sworn statement that on July 10, 2015, Mr. Defeo

> did write out a business check in the amount of five hundred dollars without my permission to do so. When I asked [Mr. Defeo] why he did this he stated "he needed the money" and "it is what it is." This is unacceptable in my place of business, this can't happen. <u>I want Christopher Defeo arrested for this.</u> I am the owner of Adcomm and I am the only person who writes business checks for my company.

(emphasis added).

30. On September 15, 2015, Defendant Officer Flynn had a misdemeanor complaint in place that rested on Defendant Leibstein's statement. Defendant Officer Flynn dispatched Defendant Officer Lee to Mr. Defeo's home to arrest him on the misdemeanor complaint.[1]

---

[1] Defendant Officer Lee was this officer's name as best Mr. Defeo can remember. However, his identity can be

31. Mr. Defeo looked out his window and saw Defendant Officer Lee in his backyard. Mr. Defeo went out and asked him what he needed. Defendant Officer Lee told Mr. Defeo about the petty-larceny charge relating to the $500 Check.

32. Defendant Officer Lee appeared confused about arresting Mr. Defeo on the petty-larceny charge and called a person whom, on information and belief, was Defendant Officer Flynn or one of his delegates. Defendant Officer Lee fell into a long silence as the person on the other end of the line gave him lengthy instructions. After Defendant Officer Lee hung up, he apologized to Mr. Defeo for having to take Mr. Defeo into physical custody, which he did.

33. At the precinct, Mr. Defeo showed Defendants the Text referring to the $500 Check. Defendants read it and took note of the July 10, 2015, date matching the complaint, and Mr. Defeo pointed out Defendant Leibstein's telephone number. Defendants continued to process Mr. Defeo's arrest.

34. The fact that Defendants arrested Mr. Defeo and physically brought him to the precinct at all was unusual for a petty larceny charge. Defendants' treatment of Mr. Defeo became more curious because they did not just issue him a ticket at the precinct and release him. Instead, Defendants proceeded to incarcerate him overnight without any articulable explanation, save for Defendant Leibstein's express request that he "want[ed] Christopher Defeo arrested[.]"

35. Mr. Defeo was unlawfully incarcerated for a day before he was arraigned, then had to make numerous court apperances. Mr. Defeo's original incarceration was unreasonably excessive. Setting aside that as a matter of practice it was unusual that he was taken into custody

---

learned easily through discovery of relevant roll calls and other records. In addition, Mr. Defeo filed a Notice of Claim in this case which triggered County Attorney investigation as well as inquiry by the County Internal Affairs Bureau. Both of those efforts may by this date have already identified Defendant Officer Lee with greater specificity.

at all for an offense of this nature, Defendants did not bring him before a neutral magistrate promptly on Mr. Defeo was jailed and Plaintiff contends that this was unreasonable delay.

36. On November 14, 2016, a state court dismissed the charges against Mr. Defeo.

37. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law, and Defendant Officer Flynn, on information and belief, agreed with Defendant Leibstein to violate Mr. Defeo's rights under the federal and state constitution, then took steps to put the agreement into effect.

38. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §§ 1983, 1985 and 1988.

39. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and by Defendant Leibstein as an individual and on behalf of Defendant Adcomm.

40. Defendant Leibstein's individual acts and acts on behalf of Defendant Adcomm were committed independently and also in agreement with Defendant Officer Flynn with the object of depriving Plaintiff of his rights and committing torts against him. Defendant Officer Flynn's acts were in furtherance of the same agreement to achieve that object.

41. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages and practices of the County and its police, all under the supervision of ranking officers of said department, for example, the sergeant who signed the misdemeanor complaint that Defendant Officer Flynn brought against Mr. Defeo.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, or practice of the respective County/authority, which is forbidden by the United States Constitution insofar as it violated Plaintiff's rights.

43. As a result of the foregoing, Plaintiff is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

44. It is further alleged that the Defendant County failed to adopt adequate policies and procedures to safeguard individuals like Mr. Defeo from undue unlawful arrest, incarceration and prosecution, shown by Defendant Flynn's improper accommodation of Mr. Leibstein's request, which on information and belief Defendant Flynn knew was based upon a false statement, that Mr. Defeo's charge be handled in an unreasonable and unduly punitive way, and Defendant Lee's failure to intervene to stop. The failure to train Defendants as to the impropriety of such actions made it likely that Defendants would violate Plaintiff's rights in this way, which they indeed did.

## FEDERAL CLAIMS
## 42 U.S.C. §§ 1983 and 1985

45. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

46. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. §§ 1983, 1985, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

47. Defendant Flynn's and Defendant Lee's unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

48. Among the federal constitutional claims that the herein alleged facts support, and which Plaintiff pleads, are:

    a. False arrest;

    b. Unreasonably long detention and false imprisonment;

    c. Malicious prosecution;

    d. Fabrication of evidence and deprivation of fair trial;

    e. Malicious abuse of process; and

    f. Failure to intervene.

With respect to Defendant Leibstein, Plaintiff alleges that he conspired with Defendant Officer Flynn to achieve violation of Plaintiff's federal constitutional rights as described herein.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## STATE CAUSES OF ACTION
## CONSTITUTIONAL VIOLATIONS AND TORTS

50. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

51. Defendants violated Plaintiff's New York constitutional rights and committed New York state torts against him, as described by the facts herein.

52. As to Defendants County, Flynn and Lee, Plaintiff complained of their misconduct in a timely filed Notice of Claim which, as of this writing, Defendants have not settled. However, in following the General Law in terms of meeting prerequisites to bring these claims against Defendants County, Flynn and Lee, Plaintiff has preserved them and he filed these state claims against them within the requisite period.

53. As to Defendant Leibstein, in addition to the above-mentioned conspiracy with Defendant Officer Flynn to violated Plaintiff's federal constitutional ights, Plaintiff alleges that

Defendant Leibstein importuned Defendants to violate his state rights and to commit state torts against him as well, with false statement and material omission. Among other things Leibstein caused Defendants to falsely arrest Plaintiff; to maliciously commence an unfounded prosecution against Plaintiff; to maliciously use process against Plaintiff in order to achieve an improper objective for the same, namely, improvement of Defendant Adcomm's ledger; defamed Plaintiff's reputation in the process; and more.

54. Defendant Flynn's and Defendant Lee's unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. Defendant Leibstein's unlawful actions were not committed under state law, but they were committed as an independently acting individual and with the agreement of Defendant Flynn with the objective of causing the rights violations and the commission of torts herein described.

55. Defendant County, by its negligence and negligent training, discipline, hiring and retention as detailed above, and by its control of Defendants, caused Plaintiff's injuries as well.

56. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**MONELL**

57. Planitiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, and practice of the respective County, which is forbidden by the United States Constitution insofar as it caused the violation of Plaintiff's rights.

59. The aforementioned customs, policies, usages, and practices of Defendant County and its police included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Planitiff's rights as described herein. As a result of the failure of the Defendant County to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant County has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein. For example, Individual Defendant Flynn was previously sued in this Court in connection with allegations that are surprisingly similar to the allegations in this case, i.e., false arrest for collateral objective. In that case, Fielder v. Incandela, et al., No. 14 Civ. 2572 (SJF) (AYS), the plaintiff alleged that he was arrested by Defendants, including Officer Flynn, in order to unjustifiably pin a charge on the plaintiff because one of the Defendants "sought to impress his girlfriend" with the arrest. Having been placed on notice that there were past allegations of Defendant Flynn being involved in the abuse of process for collateral objectives, Defendant County bore a responsibility to take action to protect its citizens from similar violations of their constitutional rights by Defendnat Flynn going forward. Plaintiff Defeo's experience with Defendant Flynn acting against him at the behest of Defendant Leibstein demonstrates that Defendant County did not take sufficient action. This failure to properly and seriously address the Fielder allegations is, on information and belief, the failure of a County policymaker who, by virtue of the public filing of the Fielder case (and perhaps other civil rights actions as well, as discovery will reveal), had actual and/or constructive knowledge of the problem.

60. On information and belief, Defendant County makes a pattern out of this failure to address known problems of this kind. It is reasonable to infer that its failure to address the initial incident with Defendant Flynn in order to prevent the violation of Plaintiff Defeo's rights was

not an action chosen to specifically benefit Defendant Flynn. Instead, the failure speaks to a more general indifference to how an officer's one-time misconduct provides the government with notice that s/he is apt to commit that misconduct again.

61. The foregoing customs, policies, usages, and practices of the Defendant County and its police constituted deliberate indifference to Plaintiff's safety, well-being and constitutional rights.

62. The foregoing customs, polices, usages, practices, procedures and rules of Defendant County and its police were the direct and proximate cause of the constitutional violations suffered by Plaintiff as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff respectfully requests the following relief:

   A. An order entering judgment for Planitiff against Defendants on each of their claims for relief;

   B. Awards to Plaintiff for compensatory damages against all Defendants, jointly and severally, for their violation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights under the federal constitution pursuant to Sections 1983 and 1985, state constitutional rights, and state tort protections, the amount to be determined at jury trial, which Planitiff respectfully demands pursuant to FRCP 38;

   C. Awards to Plaintiff of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to his federal and state constitutional rights and welfare, and rights under state tort law, the amount to be determined at jury trial, which Planitiff respectfully demands pursuant to FRCP 38;

   D. Awards to Plaintiff of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:  November 18, 2016
        New York, New York


                                                      /s_____
Ryan Lozar  (RL0229)
305 Broadway, 10th Floor
New York, New York 10007
(310) 867-1562

*Attorney for Plaintiff*