UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPER DEFEO, | ) | 16 Civ. 5150 (SJF) (SIL) |
| | ) | |
| | ) | **ANSWER TO** |
| Plaintiff, | ) | **AMENDED COMPLAINT** |
| | ) | **WITH COUNTERCLAIM** |
| | ) | |
| -against- | ) | |
| | ) | JURY TRIAL DEMANDED |
| COUNTY OF SUFFOLK, N.Y., | ) | |
| SUFFOLK COUNTY POLICE | ) | |
| DANE FLYNN, Shield No. 6092, | ) | |
| Individually, SUFFOLK COUNTY | ) | |
| POLICE OFFICER LEE, individually, | ) | |
| GUY LEIBSTEIN, and ADCOMM, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants GUY LEIBSTEIN, and B & E Printing, Inc., doing business as ADCOMM,

by their attorney William J. Graham, PC, as and for their answer to the Amended

Complaint, allege as follows:

      FIRST:     Defendants deny each and every allegation contained in

paragraphs 12-23, 25, 28, 37-40, 42-51, and 53-62.

      SECOND:     Defendants deny having sufficient knowledge to form a

belief as to the truth or falsity of the allegations contained in paragraphs 2, 6-10,

22, 26-27, 30-36, 41 and 52.

      THIRD:     Paragraph 1 of the complaint contains plaintiff's

description of the alleged statutory and legal basis of the claims therein and no

denial is required.  To the extent that paragraph 1 may be deemed to contain

allegations of material fact, they are denied.

FOURTH:     Paragraph 3 of the complaint contains further allegations of the statutory basis for its claims in this lawsuit and a jurisdictional statement to which no response is required. To the extent that paragraph 3 may be deemed to contain allegations of material fact, they are denied.

FIFTH:     Paragraph 4 of the complaint contains plaintiff's allegations of the basis for venue in this district, to which no response is required. To the extent that paragraph 4 may be deemed to contain allegations of material fact, they are denied.

SIXTH:     Defendants admit that Guy Leibstein resides in Suffolk County, is a shareholder of B & E Printing, Inc. doing business as Adcomm, that the corporation's principal place of business is within Suffolk County, and deny the remaining allegations contained in paragraph 11.

SEVENTH:     Defendants admit defendant Leibstein was represented by counsel, and deny the remaining allegations of paragraph 24.

EIGHTH:     Defendants admit defendant Leibstein met with Suffolk County Police and denies the remaining allegations of paragraph 27.

NINTH:     Defendants respectfully refer the court to the contents of the purported document.

## AS AND FOR A FIRST DEFENSE

TENTH:     Plaintiff's complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

ELEVENTH:  This court lacks subject matter jurisdiction over the claims asserted in plaintiff's complaint.

## AS AND FOR A THIRD DEFENSE

TWELFTH:  Plaintiff's claims are barred by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE

THIRTEENTH:  The equitable relief sought by plaintiffs is barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH DEFENSE

FOURTEENTH:  Plaintiff's is not entitled to attorneys' fees and/or costs.

## AS AND FOR A SIXTH DEFENSE

FIFTEENTH:  Plaintiffs' claims are barred by the equitable doctrine of estoppel.

## AS AND FOR A SEVENTH DEFENSE

SIXTEENTH:  Plaintiff lacks standing to bring this action.

## AS AND FOR A EIGHTH DEFENSE

SEVENTEENTH:  Plaintiff has failed to exhaust his administrative remedies prior to initiating this action.

## AS AND FOR A NINTH DEFENSE

EIGHTEENTH:     That Defendants' actions, if any, were justified by the facts and circumstances presented.

NINETEENTH:     Defendant B & E Printing, Inc. requests that the Court exercise supplemental jurisdiction over its counterclaims arising under state law.

## AS AND FOR A FIRST COUNTERCLAIM

TWENTIETH:     Plaintiff was an employee of B & E Printing, Inc. doing business as Adcomm.

TWENTY-FIRST:     Plaintiff was at all times bound to exercise the utmost loyalty and good faith in the performance of his duties with B & E Printing, Inc.

TWENTY-SECOND:     Upon information and belief, Plaintiff breached his duties of loyalty and good faith by using B & E Printing, Inc.'s resources, services, customer lists, information and relationships; and products for Plaintiff's own benefit during the period of his employment.

TWENTY-THIRD:     Upon information and belief, Plaintiff competed with and acted in a manner contrary to the interests of B & E Printing, Inc. during the period of his employment.

TWENTY-FOURTH:     Defendant B & E Printing, Inc. is entitled to damages as a result of Plaintiff's breach of the duties of loyalty and good faith.

## AS AND FOR A SECOND COUNTERCLAIM

TWENTY-FIFTH:    Plaintiff executed an agreement with B & E Printing, Inc., on or about May 8, 2013, annexed hereto as Exhibit A.

TWENTY-SIXTH:    Said agreement was supported by valuable consideration.

TWENTY-SEVENTH:    Pursuant to the agreement, Plaintiff agreed, among other things, that he would not solicit the clients of B & E Printing, Inc. for services similar to those provided during his employment with B & E Printing, Inc.

TWENTY-EIGHTH:    Plaintiff further agreed that he would treat B & E Printing, Inc.'s customer and other information as confidential.

TWENTY-NINTH:    Upon information and belief, Plaintiff has breached the agreement by soliciting clients of B & E Printing, Inc. for the same or similar services as those performed by B & E Printing, Inc. during the course of his employment.

THIRTIETH:    Defendant B & E Printing, Inc. is entitled to damages on the second counterclaim in an amount to be determined at trial.

## JURY DEMAND

THIRTY-FIRST:    Defendants demand a jury trial of all issues in this action.

WHEREFORE, defendants respectfully request judgment dismissing plaintiffs' complaint, awarding defendants their costs, attorney's fees, and disbursements, and with respect to the counterclaims, that this Court award damages to the Defendant B & E Printing, Inc. in an amount to be determined at trial, together with an award of costs, attorney's fees, and interest, and for such other and further relief as this Court may deem just and proper.

Dated:       Bayport, New York
             February 9, 2017

William J. Graham, PC

By: William J. Graham (WG 1421)
Attorney for GUY LEIBSTEIN and
ADCOMM,
982 Montauk Highway, Suite 2
Bayport, NY 11705
Telephone: 631) 231-2954
Facsimile: (631) 231-3296


To:    Law Office of Ryan Lozar, PC
       Attorney for Plaintiff
       305 Broadway, 10th Floor
       New York, NY 10007

       Dennis M. Brown
       Suffolk County Attorney
       Attorney for defendants
       County of Suffolk, N.Y.
       and Flynn
       H. Lee Denninson Building
       100 Veterans Memorial Highway
       Hauppauge, NY 11788

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF SUFFOLK) ss.:

I, William J. Graham, being duly sworn, say: I am not a party to the action, am over

eighteen (18) years of age and reside at Bay Shore, New York.

On February 10, 2017 I served the within Answer by depositing true copy thereof in a

post-paid wrapper, in an official depository under the exlusive care and custody of the U.S.

Postal Service within this state, addressed to each of the following persons at the last known

address set forth after each name:

> Law Office of Ryan Lozar, Esq.
> 305 Broadway, 10th Floor
> New York, NY 11980
>
> Dennis M. Brown
> Suffolk County Attorney
> Att: Arlene S. Zwilling
> Assistant County Attorney
> H. Lee Dennison Building
> 100 Veterans Memorial Highway
> Hauppauge, NY 11788

_____
William J. Graham

STATE OF NEW YORK)
COUNTY OF SUFFOLK) ss.:

On the 10th day of February, 2017, before me, the undersigned, personally appeared
William J. Graham, known to me or proved to me on the basis of satisfactory evidence to be the
individual whose name is subscribed to the within instrument and acknowledged to me that she
has executed the same to her capacity, and that by her signature on the instrument, the individual
or the person upon which the individual acted, executed the instrument.

_____
Notary Public

STEVEN TERRENCE RUSSELL
Notary Public, State of New York
Registration #02RU6172162
Qualified In Suffolk County
Commission Expires Aug. 6, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER DEFAO

        ,

      Plaintiff,

   -against-

COUNTY OF SUFFOLK, et al.

      Defendants.

16-CIV 5150 (SJF)(SIL)

## ANSWER TO AMENDED COMPLAINT

William J. Graham, PC
Attorney at Law
982 Montauk Highway, Suite 2
Bayport, New York 11705
(631) 231-2954
Fax (631) 231-3296

To

Service of a copy of the within is hereby admitted.