# William J. Graham, PC
Attorney at Law
982 Montauk Highway
Suite 2
Bayport, New York 11705

(631) 231-2954
Fax (631) 231-3296

---

October 13, 2017

Magistrate Judge Steven I. Locke
100 Federal Plaza
Central Islip, NY  11722

<u>**Re: Defeo v. Leibstien, et. al,** 16 Civ. 5150 (SJF) (SIL)</u>

Dear Magistrate Locke:

 I represent Defendants Guy Leibstien and B & E Printing, Inc., doing business as Adcomm in the above matter, and I write to move for a protective order regarding the subpoena evidently issued to Chase Bank, NA. by the plaintiff (Exhibit A hereto) which seeks over two years of bank statements and cancelled checks relating to my client's corporate operating account at Chase Bank, NA, as described in the rider to the subpoena.

 As articulated by the plaintiff at the conference before your honor last week, the documents are sought to support the contention made in paragraphs 18 and 19 of the complaint that he was authorized to write checks to himself by the defendant, Guy Liebstien.  As such, the payees names on the checks are irrelevant, the documents sought by plaintiff are checks bearing plaintiff's, as opposed to Mr. Leibstien's, signature.

 As I stated in court, I object to the subpoena because plaintiff is competing directly with Adcomm and undoubtedly could use the information about clients and vendors gleaned from such a production to inflict further economic harm on my client.  During the October 4 conference, Plaintiff's counsel articulated that the object of the subpoena is to uncover Adcomm's checks that were signed by Mr. Defeo.  I asked if he claimed that he signed his own name, or Mr. Leibstien's, and Mr. Lozar was unsure.  However, Plaintiff's May 31, 2017 submission to Judge Feuerstein, in makes the claim that "Mr. Defeo had check-writing authority for the business".  Accordingly, the claim is that he signed the checks with his own signature.

October 13 2017
Defeo v. Leibstien
-page two-

     Obviously, the hundreds of checks that would be captured by the subpoena that were NOT signed by Mr. Defeo are totally irrelevant, and the information contained in such a production contains sensitive, trade secret information of Adcomm, with which he is now competing with them directly, for the same clients. I wrote to Mr. Lozar on September 28, 2017, stating my objection to the subpoena. *See* Exhibit B hereto. The day after the conference, I wrote to Mr. Lozar and proposed that we enter a protective order that would allow his client to review copies of the checks with the payee redacted. See Exhibit C hereto. I have had no response to this proposal to date.

     Obviously, the plaintiff, like most people, can readily recognize his own signature. He can identify the checks that he believes contain his signature and we will produce unredacted copies of those checks.

     Pursuant to FRCP 45(d)(3)(B)(i), the subpoena requests information which reveals who my client's customers are, how much they are paying for the work, my client's sources of raw materials, venders, and other sensitive commercial information which can be used to inflict economic damage on my client by the plaintiff, who is a direct competitor.

     "Any subpoena that is issued to non-parties pursuant to Rule 26(b)(1)'s overriding relevance requirement", *Addona v. Parker Hannifin Corp.*, No. 3:13 cv 1616(RNC), 2014 WL 788946 (D. Conn. Feb. 25, 2014). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. V. Briarpatch Ltd., L.P.*, No. 03-CV-1382, 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003).

     Here, plaintiff has not, and can not, articulate a reason why the names of the payees on hundreds of checks issued by my client over a 2 and ½ year period are relevant. Furthermore, the checks and statements contain confidential information concerning the identities of my client's customers and vendors, and the amounts paid to my client for print jobs. Accordingly, defendant requests that the court issue a protective order modifying the subpoena to the extent that the names of the payees on the checks be redacted. If plaintiff identifies checks he believes were signed by him, we can then provide unredacted copies.

     Thank you for your consideration of this application.

Very truly yours,

William J. Graham (wg1421)

Cc:   Ryan Lozar, PC
        Chase Bank, NA

EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Christopher Defeo, *Plaintiff* <br> v. <br> Guy Leibstein, *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. 16-5150 (SJF) (SIL) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: J.P. Morgan Chase Bank N.A.

*(Name of person to whom this subpoena is directed)*

☒ **Production:** YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Certified copies of any and all account statements and copies of cashed checks relating to Chase Account Number 880037312 (Routing No. 021000021) and from any related predecessor account for holder B&E Printing dba Adcom, 21 Lamar Street, West Babylon, NY 11704. Please see attached rider for add'l information.

| Place: The Law Office of Ryan Lozar, PC <br> 305 Broadway, Suite 1001 <br> New York, NY 10007 | Date and Time: <br> Friday, October 13, 2017 at 12:00 pm |
|---|---|

☐ **Inspection of Premises:** YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/24/2017

CLERK OF COURT                                OR

_____                _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Christopher Defeo , who issues or requests this subpoena, are:
Law Office of Ryan Lozar, 305 Broadway, 10th Floor, New York, NY 10007, ryanlozar@gmail.com, (310) 867-1562

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Civil Action No. 16-5150 SJF-SIL, <u>Defeo v. Leibstein</u>

## SUMMONS RIDER

This rider to the attached Rule 45 subpoena, issued pursuant to the Federal Rules of Civil Procedure ("FRCP"), provides additional detail regarding the requested records and should be considered incorporated by reference by the FRCP 45 subpoena.

The subpoena seeks certified bank statements and certified copies of cashed checks relating to Chase Account Number 880037312 (Routing Number 021000021) and any related predecessor account that may bear an alternate account number held under the name of:

> B&E Printing dba Adcom
> 21 Lamar Street
> West Babylon, NY 11704

A copy of at least one check from that account bearing the above-cited Account Number and Routing Number is attached to this FRCP 45 and related rider for your reference.

The business name may also be Adcom Graphics, Inc. or some variation thereof, with Chief Executive Officer Guy Leibstein (DOB: 7/23/1969), with Executive Offices at 26 West 23rd Street, New York, NY 100010, and/or 28 Thompson Avenue, Babylon, NY 11702. The business name/account holder may also be Adcom Digital, Inc., with Chief Executive Officer Guy (or Giu) Leibstein (DOB: 7/23/1969), with Executive Offices at 47 Sheer Plaza, Plainview, NY 11803.

The subpoena seeks the above-referenced records—certified bank statements and certified copies of cashed checks—for the period spanning July 1, 2012, through and including December 31, 2015.

In lieu of personal appearance by the Chase records custodian and/or personal delivery by the Chase records custodian, Chase may satisfy this subpoena by forwarding the certified copies of records to the Law Office of Ryan Lozar, c/o Ryan Lozar, Esq., 305 Broadway, Suite 1001, New York, NY 10007, on or before October 13, 2017 at 12:00pm. Any and all questions regarding the same may be directed to Ryan Lozar, Esq., of that office at (310) 867-1562 or ryanlozar@gmail.com. If the recipient of this subpoena needs additional compliance time, the recipient may contact Ryan Lozar at the above contact information to discuss a mutually agreeable alternative production date.

Finally, it should be noted that insofar as any objection is made to this FRCP 45 subpoena, the above-cited federal litigation is pending in the United States District Court for the Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, NY 11722, under Case No. 16 Civ. 5150, <u>Defeo v. Leibstein</u>, with the Honorable Steven I. Locke presiding over discovery matters.



EXHIBIT "B"

# William J. Graham, PC

Attorney at Law
982 Montauk Highway
Suite 2
Bayport, New York 11705

(631) 231-2954
Fax (631) 231-3296

---

September 28, 2017

Ryan Lozar, Esq.
Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor
New York, NY 11980

**Re: Defeo v. Leibstien, et. al, 16 Civ. 5150 (SJF) (SIL)**

Dear Mr. Lozar:

    As you know, I represent Defendants Guy Leibstien and B & E Printing, Inc., doing business as Adcomm in the above matter, and I write to respond to your e-mail sent Sunday, September 24.

    As an initial matter, I object to subpoena to Chase, seeking my client's complete banking records for period in excess of two years. It's obviously overbroad and unduly burdensome, particularly because your client is directly competing with his former employer. I assume the object of the subpoena is to uncover my client's checks that were fraudulently signed by Mr. Defeo, you should seek them from my client in discovery in the first instance. His contention, as I understand it, is that he wrote other checks from Adcomm's account and signed them on other occasions. Obviously, he has some knowledge of who he wrote checks to and when he wrote them. Kindly withdraw the subpoena or I will move to quash it.

    Moving to your proposed discovery schedule, I note that this is the first correspondence I've received from your office since the last conference on June 1. With respect to initial disclosures, I served plaintiff's rule 26A disclosure on February 9, 2017. You are welcome to copy the documents any time.

September 28, 2017
Defeo v. Leibstien
-page two-

    I would suggest that we not serve discovery demands until after the conference, because I am unsure of how the judge will wish for us to proceed and I do not wish to incur yet more unnecessary legal expenses on behalf of my client. I would suggest that we move that date out a week. I think that the date for completion of depositions is unrealistic and it falls right during the holiday season when most people are traveling. Other than that, I'm fine with the proposed dates.

Very truly yours,

WILLIAM J. GRAHAM (WG 1421)

EXHIBIT "C"

# William J. Graham, PC

Attorney at Law
982 Montauk Highway
Suite 2
Bayport, New York 11705

(631) 231-2954
Fax (631) 231-3296

October 5, 2017

Ryan Lozar, Esq.
Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor
New York, NY  11980

**Re: Defeo v. Leibstien, et. al, 16 Civ. 5150 (SJF) (SIL)**

Dear Mr. Lozar:

As you know, I represent Defendants Guy Leibstien and B & E Printing, Inc., doing business as Adcomm in the above matter, and I write to address the question of a protective order regarding the subpoena you have served on Chase Bank, NA.

As I stated in court, I object to subpoena to Chase, seeking Adcomm's complete banking records for period in excess of two years. Your client is competing directly with Adcomm and undoubtedly could use the information about clients and vendors gleaned from such a production to inflict further economic harm on my client. Yesterday in court, you articulated that the object of the subpoena is to uncover Adcomm's checks that were signed by Mr. Defeo. I asked if he claimed that he signed his own name, or Mr. Leibstien's, and you were unsure. This morning, I reviewed your May 31 submission to Judge Feuerstein, in which it is claimed that "Mr. Defeo had check-writing authority for the business". Accordingly, the claim is that he signed the checks with his own signature.

Obviously, the hundreds of checks that would be captured by the subpoena that were NOT signed by Mr. Defeo are totally irrelevant, and the information contained in such a production contains sensitive, trade secret information of Adcomm, with which he is now competing with them directly, for the same clients. To me, it's the embodiment of an overbroad subpoena.

October 5, 2017
Defeo v. Leibstien
-page two-

    I propose that we enter into a protective order that would allow your client to review copies of the checks with the payee redacted. I must assume that your client, like most people, can readily recognize his own signature. He can identify the checks that he believes contain his signature and we will produce unredacted copies of those checks.

    Let me know whether you agree to this proposal, or whether I should move for a protective order along these lines.

Very truly yours,

William J. Graham (wg1421)

Cc: client