# COUNTY OF SUFFOLK



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

DENNIS M. BROWN
COUNTY ATTORNEY

DEPARTMENT OF LAW

November 9. 2017

Hon. Sandra J. Feuerstein, U.S.D.J
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722-4438

Re:   Defeo v. County of Suffolk, et al.
      16-cv-5150(SJF)(SIL)

Dear Judge Feuerstein:

The Suffolk County Police Department ("SCPD") hereby moves pursuant to Fed.R.Civ.P. Rule 45(d)(3) for an Order quashing a Subpoena Duces Tecum directed to the SCPD and issued by counsel for plaintiff, Ryan Lozar, Esq. (copy annexed).

The subpoena should be quashed because it calls for the production of SCPD Internal Affairs Bureau ("IAB") materials which are protected from disclosure pursuant to N.Y. Civil Rights Law §50-a.

The subpoena seeks production of the IAB file of the investigation into a complaint by plaintiff that SCPD Officers Leath and Flynn falsely arrested him. Neither the County of Suffolk, the SCPD, nor Officers Leath and Flynn are currently parties to this case, plaintiff having withdrawn his claims against County defendants before the Court on June 1, 2017. The Rider to the Subpoena (incorrectly denominated "Summons Rider") states that the IAB file is "the subject of an Unsealing Order issued by Suffolk County District Court relating to this action."

However, that statement is wholly incorrect. Internal Affairs Bureau files are not unsealed by unsealing order. Internal Affairs Bureau files are immune from disclosure as personnel records pursuant to N.Y. Civil Rights Law §50-a. See e.g., *Cook v. Nassau County Police*

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY   ♦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099   ♦

(631) 853-4049
TELECOPIER (631) 853-5169

*Department,* 110 A.D.3d 718, 972 N.Y.S.2d 638, 640 (2nd Dept. 2013).  See also *Hughes Hubbard & Reed LLP v. Civilian Complaint Review Board*, 53 Misc.3d 947, 960-61, 41 N.Y.S.3d 369, 380-81 (Sup. Ct. Kings Cty. 2016).

Indeed, even when his Court directs disclosure of IAB materials, it does so only after a Stipulated Order of Confidentiality is in place.  No such order has been entered into in this case.

The only SCPD records that are unsealed by an unsealing order are those contained in the arrest packet.  Those documents were produced by the SCPD prior to the claims against County defendants being withdrawn.

Accordingly, the SCPD respectfully requests that the Court issue an Order pursuant to Rule 45(d)(3) quashing plaintiff's Subpoena Duces Tecum.

We thank the Court for its anticipated consideration of this application.


Respectfully submitted,

Dennis M. Brown
Suffolk County Attorney

By: Arlene S. Zwilling
      Assistant County Attorney