The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Fax: 1-(877) 666-4456
ryanlozar@gmail.com



APRIL 23, 2018

Re:   <u>Defeo v. Leibstein, et al.</u>, No. 16 Civ. 5150 (SJF) (SIL)

Dear Judge Feuerstein:

I represent Plaintiff Christopher Defeo in the above-captioned Section 1983 case bringing, <u>inter alia</u>, false-arrest and malicious-prosecution claims against Defendants Guy Leibstein and Adcomm Digital ("GL Defendants"). <u>Docket No. 5</u>. In brief, these claims arise from Defeo's allegations and evidence that Leibstein intentionally and repeatedly importuned police and other law-enforcement officials to arrest, charge and continue to charge Plaintiff with an offense that Leibstein knew to be false. GL Defendants had repeated opportunities to mitigate their intentional and knowing misdirection of police and prosecutorial power to harm Plaintiff without cause, yet instead chose to take those opportunities to intentionally and repeatedly re-make their false statements against Plaintiff.

I write in response to GL Defendants' motion asking the Court to extend the pretrial schedule for a sixth time to make a motion they could have made in 2017 under FRCP 12 and which the Court more recently told them to make by May 1, 2018, while warning "no further extensions[.]" <u>Docket No. 2/21/18</u>; <u>Docket No. 66</u>. In the same motion, GL Defendants misleadingly ask the Court to consider sanctioning Plaintiff for GL Defendants' own failure to take diligent steps to ensure their compliance with what they now call the Court's "impossible" Order. I will discuss Defendants' contentions in turn below and will provide the Court with additional information on request.

**I.      GL Defendants Have No Good Cause To Extend Summary-Judgment Briefing Schedule—The Court Stated That It Would Grant "No Further Extensions" And GL Defendants Now Complains About Transcript Production From A Service <u>That GL Defendants Retained</u>**

Originally, Plaintiff also brought claims against Suffolk County ("County") and two Suffolk County police officers ("former County Defendants"). <u>Docket Nos. 1, 5</u>. GL Defendants have been represented by Counsel since January 2017. <u>Docket No. 24</u> (Notice of Appearance by Mr. Graham); <u>Docket No. 30</u> (Answer); <u>Docket No. 61</u> (Notice of Supplemental Counsel Appearance by Mr. Ferrante); <u>Docket No. 65</u> (Notice of Supplemental Counsel Appearance by Mr. Alber).

During the Parties' initial appearances before Your Honor, Plaintiff withdrew his claims against the County and the Officers, and GL Defendants withdrew their counterclaims against

Plaintiff.  Docket Nos. 32, 37, 38.[1]  The Court then referred the case to Judge Locke for discovery after the Parties indicated they would make no FRCP 12 challenges.  Docket 7/18/17.

The following table briefly summarizes the Court's Scheduling Orders and modifications to the same during 2017 and 2018:

| SEQUENCE | SCHEDULE | DEADLINE & CONFERENCE | INFORMATION |
|---|---|---|---|
| 1 | FRCP 12 motion briefing schedule. | FRCP 12 motion 8/17/17. Conference 9/28/17. Docket No. 37. | Set on Plaintiff's request (Defendants did not seek a FRCP 12 briefing schedule), and vacated when mooted by Defendants' counterclaim withdrawal. Docket 7/18/17. |
| 2 | First discovery deadline. First FRCP 56 summary-judgment motion briefing schedule. | Discovery due 1/19/18. Fully briefed FRCP 56 motion due 4/20/18. Conference set 6/20/18. Docket 7/18/17. | Court set first discovery deadline and first FRCP 56 schedule at the time it vacated the above-referenced FRCP 12 schedule.   Docket 7/18/17. |
| 3 | Second discovery deadline. | Discovery due 1/31/18. First FRCP 56 briefing schedule left in place. | Court granted discovery extension motion.  Docket No. 57; Docket 12/26/17. |
| 4 | Third discovery deadline. | Discovery due 2/28/18. First FRCP 56 briefing schedule left in place. | Court granted discovery extension.  Docket No. 59; Docket 2/2/18. |
| 5 | Fourth and final discovery deadline. Second FRCP 56 summary-judgment motion briefing schedule. | Discovery due 3/9/18. Fully briefed FRCP 56 briefing schedule due 5/1/18 (second FRCP 56 briefing schedule).  Docket 2/21/18. | Court granted discovery extension and extended the FRCP 56 schedule.  Docket 2/21/18 ("no further extensions will be granted"). |

Two months after the Court set the "no further extensions" final-discovery deadline and summary-judgment briefing schedule, GL Defendants now tell the Court well after internal summary-judgment service deadlines have passed that it is "impossible" for them to meet the Court's FRCP 56 deadline.

In proclaiming the "impossibility" of their timely compliance with a long-standing Court Order, GL Defendants blame delayed transcript productions from a vendor whom the Parties mutually retained.  GL Defendants suggest that I am to blame by telling the Court this is "my"

---

[1] GL Defendants claim some confusion regarding this procedural history in their motion.  But Plaintiff's withdrawal of claims as GL Defendants describe is what the docket demonstrates such that it is not clear what is confusing.  Furthermore, GL Defendants have three Counsel of Record, one of whom has been on the docket for the entire litigation.  Docket Nos. 24, 61, 65.  Because it is unclear whether GL Defendants' confusion is meant to provide good cause or grounds for sanctions, I will address the question again briefly below.

court reporter.[2]   I note that after Defendants called me for the first time regarding their wish for schedule extension last week, I called the Parties' mutual vendor within twenty-four hours. Apparently, it never occurred to GL Defendants that diligence might require communicating with their/our vendor.  Instead, GL Defendants prefer to breathlessly and misleadingly suggest to the Court that I have plotted something untoward.   At best, for Defendants to say that I should be sanctioned under such circumstances is hypocritical (given that Defendants have not produced transcripts to me, either), and at worst intentionally misleading so that Defendants can obfuscate their lack of diligence in complying with the Court's Order.

In sum, while it may be true that GL Defendants forgot to properly organize with the court reporter whom they also retained to produce transcripts by a date certain, or to make any inquiry whatsoever with me about it, it is inaccurate for GL Defendants to say that I am uniquely responsible for their lack of diligence.  Simply put, GL Defendants now point their finger at Plaintiff because it is the most facile (albeit improper and inaccurate) way to attempt to excuse themselves for failing to comply with the Court's Order.    Had GL Defendants raised the issue with the court reporter they also retained and/or me sooner, they would have been able to comply with the Court's Order which they now say was an "impossible" one.

II.     **GL Defendants' proposed FRCP 11 sanctions against Plaintiff have no factual basis, as Plaintiff's discussion in Section I of GL Defendants' mischaracterizations and/or incomplete characterizations to the Court indicate.**

 In GL Defendants' motion to extend the Court's FRCP 16 Scheduling Order, GL Defendants ask the Court to sanction Plaintiff pursuant to their false report that I am somehow to blame for their total failure to diligently comply with the existing Order.  Docket No. 66.  Yet last week was the first time I had heard from GL Defendants that they wished to extend the Order or had purported cause to do so.   Again, as discussed supra, GL Defendants retained the same court reporting agency as Plaintiff to produce deposition transcripts, yet they misleadingly tell the Court that this is "my" agency, and raised no issue with me prior to last week.

GL Defendants' letter to the Court also appears to express confusion about the litigation's procedural history.  It is not clear whether they intend for their confusion to serve as good cause for failing to comply with the Court's Order, or whether they think their confusion gives rise to sanctions against the Plaintiff.  I will discuss two representative examples of Defendants' confusion and why neither supports a good-cause finding or FRCP 11 sanctions.

First, Defendants claim confusion as to Plaintiff's withdrawal of claims against County and Officer Defendants at some of the first appearances in this case.  The related docket entries

---

[2] GL Defendants have neither obtained nor produced their transcripts, either, a fact conveniently omitted from their incomplete narrative.

and the Parties' repeated conversations about the matter throughout litigation of discovery are clear enough.  See, e.g., Docket Nos. 32, 34.

Another example of Defendants' professed confusion (or perhaps objection) pertains to Plaintiff's taking two roughly one-hour non-party officer depositions regarding GL Defendants' actions with and statements to law enforcement regarding the Incident.  See Docket No. 66 at 1. In a case that arises from Defendants' repeated and intentional false statements to police and law enforcement, it is difficult to understand GL Defendants' claimed confusion.   This is particularly true given that the Parties litigated the relevance of GL Defendants' statements to law enforcement regarding the Incident before Judge Locke, and these non-party officer subpoenas and police records subpoenas were among discovery matters discussed in open court.  See, e.g., Docket No. 60 (directing production of police records documenting GL Defendants' statements/actions).

Finally, I note that GL Defendants cannot claim unfair confusion regarding the issues openly and obviously litigated in this case to date.  Everything GL Defendants mention as confusing has been on the record, and GL Defendants have had continuous and growing representation by counsel throughout this case.  Docket Nos. 24 (Graham appearance); Docket No. 61 (supplemental Ferrante appearance); Docket No. 65 (supplemental Alber appearance).

## III.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety and directing the Parties' appearance at June 20, 2018 conference as scheduled for pretrial conference.

Sincerely,

/s

Ryan Lozar