The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Fax: 1-(877) 666-4456
ryanlozar@gmail.com



APRIL 27, 2018

Re:   <u>Defeo v. Leibstein, et al.</u>, No. 16 Civ. 5150 (SJF) (SIL)

Dear Judge Feuerstein:

I represent Plaintiff Christopher Defeo in the above-captioned Section 1983 case.

As the Court knows, the Parties have just recently litigated Defendants' opposed motion to extend the Court's Scheduling Order relating to summary-judgment motion practice, which the Court denied on Tuesday of this week. <u>Docket 4/24/2018</u>. Defendants have moved seeking the Court's reconsideration. I write with Plaintiff's opposition.

In brief, the Court's Scheduling Order and Individual Rules set April 10, 2018, as Defendants' deadline for serving Plaintiff with opening motion papers for any intended dispositive motion practice. See <u>Docket 2/21/18</u> (stating that fully-bundled motion to be served by 5/1/2018); Individual Rule 4.A. (stating that when Court sets deadline for ECF filing of fully-bundled motion, a moving party must service opening papers by a date that allows 14 days for response and 7 days for reply). Defendants were also required to file a letter on ECF on or before April 10, 2018, confirming that motion practice had been undertaken and Plaintiff served with opening papers. Individual Rules 4.A., 4B.i. (explaining internal control dates and required ECF filing of service-confirmation letters).

Defendants ignored the Court's Scheduling Order and Individual Rules. On April 20, 2018—<u>ten days</u> after Defendants' deadline for service of opening papers for any intended motion practice had expired and for filing ECF service-confirmation letter[1]—Defendants filed a motion to extend the Scheduling Order, disingenuously complaining that compliance was "impossible."[2] <u>Docket No. 66</u> at 2. Plaintiff opposed the motion because Defendants have no credible claim of any cause, good or otherwise, for ignoring the Court's motion-practice Scheduling Order's initial deadline by ten days while admitting they did nothing to even attempt to timely comply. <u>Docket No. 67</u>. On Tuesday of this week, the Court denied Defendants' motion. <u>Docket 4/24/2018</u>.

---

[1] Defendants only contacted me for the first time on the subject one to two days prior—also well after their deadline's expiration.

[2] This is Defendants' word. <u>Docket No. 66</u> at 2. It is difficult to understand how Defendants can fairly or respectfully say this when they admit that they never bothered to contact their own court reporting service prior to the deadline about the purportedly necessary records prior to their deadline—or even within the week that followed—to organize the vendor's production of the records by a date certain.

Now Defendants file a motion asking the Court to reconsider its denial of their wildly belated original extension motion. Defendants claim they can present a "new fact" because they have now—nearly two weeks after their motion-service deadline passed—been able to reconstruct the health profile of a single court reporter at their agency vendor. Apparently, Defendants suggest that that reporter's illness represents an after-the-fact explanation for why Defendants took no timely steps to inquire about the records' status with the agency. Docket No. 69.

I oppose Defendants' motion for reconsideration just as I opposed the original extension motion because the material part of Defendants' "new information" is the same as it was in the original motion. As before, Defendants seek to lay blame for their failure to comply or failure to even attempt to comply with the Court's Scheduling Order on everyone and anyone they can think of but themselves—on the Court, on Plaintiff's Counsel (against whom Defendants incredibly sought sanctions in their original belated extension motion), and now on a single court reporter with whom Defendants never made any timely inquiry about records either directly or through the agency prior to their deadline's expiration.

What Defendants fail to address yet again is why they feel so totally exempt from even the most basic level of professional diligence in seeking to timely comply with the Court's Scheduling Order. Defendants' own claim that they need certain records from the reporter before writing an intended motion suggests that they would have been thinking about this around April 1, 2018, to be able to meet their April 10, 2018, deadline for serving their opening motion papers. Instead, Defendants waited until after the deadline passed to engage in the finger pointing that is their motion's driving premise.

In light of the foregoing, and for all the reasons Plaintiff also discussed in his original opposition papers at Docket No. 67, Plaintiff respectfully requests that the Court deny Defendants' motion for reconsideration.

Sincerely,

Ryan Lozar