EASTERN DISTRICT OF NEW YORK
UNITED STATES DISTRICT COURT
-------------------------------------------------------------------x

CHRISTOPHER DEFEO,

                              Plaintiff,         RYAN LOZAR DECLARATION IN
                                                    SUPPORT OF PLAINTIFF'S
                                                    MOTIONS IN LIMINE

v.

                                                                 No. 16 Civ. 5150

GUY LEIBSTEIN and B&E PRINTING
d/b/a ADCOMM DIGITAL,

                              Defendants.

-------------------------------------------------------------------x

      **RYAN LOZAR**, an attorney duly admitted to practice law in the State of New York, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      I represent Plaintiff Christopher Defeo in this action against Defendant Guy Leibstein and Defendant B&E Printing d/b/a Adcomm Digital. In it, Plaintiff brings false arrest, malicious prosecution, abuse of process and evidence fabrication claims against Defendants under 42 U.S.C. §§ 1983 & 1988, and New York state law. Plaintiff also brings a New York state defamation claim. As Plaintiff's Counsel, I am familiar with the facts and circumstances stated herein.

      I submit this declaration in support of Plaintiff's in limine motions in advance of jury trial, presently scheduled to begin before the Court on September 4, 2018. In support of Plaintiff's in limine motions, he submits the exhibits described below.

1. Exhibit 1 is a true and correct copy of a non-compete agreement which Defendant Leibstein unsuccessfully demanded that Plaintiff sign in July 2015.

2. Exhibit 2 is a true and correct copy of July 24, 2015 Facebook messages between Plaintiff and Defendant Leibstein in which Leibstein accused Plaintiff of theft, threatened to report Plaintiff to the police, and demanded that Plaintiff sign the July 2015 proposed non-compete.

3. Exhibit 3 is a true and correct copy of a July 10, 2015, text sent by Defendant Leibstein to Plaintiff in which Leibstein authorizes Plaintiff to take a $500 check, stating "[t]ake a $500 check for yourself you have been trying hard."

4. Exhibit 4 is a true and correct copy of a document which Leibstein, after Plaintiff refused to sign a non-compete in July 2015, produced to Plaintiff as an alleged non-compete already signed by Plaintiff in May 2013.

5. Exhibit 5 is a true and correct copy of July 24, 2015, and July 28, 2015, emails between Plaintiff's then-Counsel Jason Canales and Leibstein regarding Leibstein's false July 2015 accusations against Plaintiff, Leibstein's July 2015 demand that Plaintiff sign a non-compete and Plaintiff's refusal, and Canales' July 28, 2015, cease-and-desist letter.

6. Exhibit 6 is a true and correct copy of a July 30, 2015, Suffolk County Police Department Incident Report documenting Leibstein's 911 call and ensuing report to responding officers that Leibstein believed that Plaintiff stole $500 and that Leibstein would "gather[] more info[rmation] from bank possibly to upgrade charges."

7. Exhibit 7 is a true and correct copy of Defendant Leibstein's August 28, 2015, statement, which he swore under penalty of criminal prosecution was true, and submitted to law enforcement, stating that Defeo "did write out a business check . . . in the amount of five hundred dollars without my permission to do so"; that "I [Leibstein] want Christopher Defeo arrested for this"; and that "I [Leibstein] am the owner of Adcomm and I [Leibstein] am the only person who writes business checks for my company."

8. Exhibit 8 is a true and correct copy of a Suffolk County District Attorney's Office (SC DAO) record listing the approximately twelve criminal court appearances in this case between September 2015 and the court's November 14, 2016 dismissal of the false Leibstein charge against Plaintiff.

9. Exhibit 9 is a true and correct copy of a certified transcript of November 14, 2106, Suffolk County First District Court proceedings during which the SC DAO moved to dismiss Leibstein's petty larceny charge against Plaintiff, which the criminal court granted.

10. Exhibit 10 is a true and correct copy of the Parties' August 21, 20118, Joint Pretrial Order, filed at Docket No. 77.

11. Exhibit 11 is a true and correct copy of Suffolk County Police Department's cover letter accompanying its delivery of SC PD's records relating to Defeo's arrest and prosecution, and related Suffolk County Assistant County Attorney Arlene Zwilling correspondence.

12. Exhibit 12 is a true and correct copy of Suffolk County Assistant County Attorney Arlene Zwilling's cover letter accompanying delivery of the Suffolk County First District Court's records relating to Defeo's arrest and prosecution.

13. Exhibit 13 is a true and correct copy of the Suffolk County District Attorney's Office (SC DAO) cover letter accompanying its delivery of SC DAO's records relating to Defeo's arrest and prosecution.

14. Exhibit 14 is a true and correct copy of JP Morgan Chase Bank's cover letter and custodian affidavit accompanying its delivery of Chase's FRCP 45 subpoena response of certified copies of Corporate Defendant account statements and cashed checks for the period spanning July 2012 through and including December 2015.

DATED:   August 23, 2018
         New York, New York

_____
Ryan Lozar, Esq.
305 Broadway, 14th Floor
New York, New York 10007
(310) 867-1562

*Attorney for Plaintiff*